**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **GREGG E. GODDARD,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **ANDREWS INTERNATIONAL, INC.,** | § | |
| **Defendant.** | § | |

**PLAINTIFF, GREGG E. GODDARD'S, ORIGINAL COMPLAINT**
**AND JURY DEMAND**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Gregg E. Goddard, hereinafter called Plaintiff, complaining of and about Andrews International, Inc., hereinafter called Defendant, and for cause of action shows unto the Court the following:

**PARTIES AND SERVICE**

1.      Plaintiff Gregg E. Goddard, is a citizen of the United States and the State of Texas and resides in Travis County, Texas.

2.      Defendant Andrews International, Inc. may be served by serving CT Corporation System, its agent authorized to accept service at 350 North St. Paul St., Suite 2900, Dallas, TX 75201-4234.

**JURISDICTION**

3.      The action arises under Title 42 U.S.C. Section 2000e, et seq. as hereinafter more fully appears.

4.      This Court has supplemental jurisdiction over state law claims discussed below under 28 U.S.C. Section 1367(a) because they arise out of the same case or controversy.

1

**NATURE OF ACTION**

5.      This is an action under Title 42 U.S.C. Section 2000e et. seq. as amended by the

Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race.

**CONDITIONS PRECEDENT**

6.      All conditions precedent to jurisdiction have occurred or been complied with:  a

charge of discrimination was filed with the Equal Employment Opportunity Commission within

three hundred days of the acts complained of herein and Plaintiff's Complaint is filed within ninety

days of Plaintiff's receipt of the Equal Employment Opportunity Commission's issuance of a right

to sue letter.

**FACTS**

7.      Plaintiff was hired by Defendant on or about August 21, 2010 as a security guard,

and assigned to provide security for an Oracle datacenter located in Travis County, Texas, which

had contracted Defendant to provide security services at the datacenter.

8.      Throughout Plaintiff's employment, Plaintiff's supervisor, Larry Dean Stamps,

would subject Plaintiff to discipline for alleged violations of security protocols, while

contemporaneously failing or refusing to subject Plaintiff's non-African American coworkers to

discipline for the same or similar conduct.   For example, on or about February 9, 2012, Plaintiff

was disciplined by Defendant for allegedly failing to properly inspect a package brought into the

datacenter.   Plaintiff used the same procedures which were employed by the non-African

American security guards at the datacenter, yet none of the other guards were subjected to

discipline for this same conduct.

9.      In or about March 2012, Plaintiff reported this disparate treatment to Defendant's Human Resources department.  Plaintiff is informed and believes that the Human Resources department provided Mr. Stamps with Plaintiff's written complaint of disparate treatment on the basis of race.   Thereafter, Plaintiff noticed that Mr. Stamps began targeting Plaintiff for discipline that his non-African American coworkers were not subject to.

10.      On or about April 24, 2012, Plaintiff filed a charge of racial discrimination with the Equal Employment Opportunity Commission, based on the facts alleged herein, as well as other similar facts.

## RACE DISCRIMINATION

11.      Defendant, Andrews International, Inc., intentionally engaged in unlawful employment practices involving Plaintiff because of his race.

12.      Defendant, Andrews International, Inc., discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment or limited, segregated or classified Plaintiff in a manner that would deprive or tend to deprive him of any employment opportunity or adversely affect his status because of Plaintiff's race in violation of 42 U.S.C. Section 2000e (2)(a).

13.      Defendant, Andrews International, Inc., classified Plaintiff in a manner that deprived him of an equal employment opportunity that was provided to other non-African American employees similarly situated in violation of 42 U.S.C. Section 2000e (2)(a).

14.      Plaintiff alleges that Defendant, Andrews International, Inc., discriminated against Plaintiff on the basis of race with malice or with reckless indifference to the federally-protected rights of Plaintiff.

3

## RETALIATION BY ANDREWS INTERNATIONAL, INC.

13.     Plaintiff alleges that Defendant Andrews International, Inc., through Mr. Stamps, instituted a campaign of retaliation against Plaintiff.   As just one example, Mr. Stamps subjected Plaintiff to discipline for using colored inks on Plaintiff's "Daily Activity Reports," despite the fact that there was no policy prohibiting such conduct, and despite the fact that Plaintiff's non-African American coworkers were engaging in the same conduct yet not subjected to discipline.

15.     Mr. Stamps continued his campaign of disparately subjecting Plaintiff to discipline for alleged violations of security protocol and/or procedures for several months, while his non-African American coworkers continued to commit violations of the same or similar security protocols without receiving any discipline.   On or about June 22, 2012, Mr. Stamps terminated Plaintiff's employment by Defendant, for the stated reason that Plaintiff had lodged a complaint with Human Resources against Mr. Stamps.

16.     The retaliation described herein was and is due to Plaintiff exercising his rights by making a charge with the Equal Employment Opportunity Commission, as well as Defendants' Human Resources department.   Plaintiff suffered damages for which Plaintiff herein sues.

## DAMAGES

17.     Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendant described hereinabove:

            a.   All reasonable and necessary Attorney's fees incurred by or on behalf of
                 Plaintiff;

b.      Back pay from the date that Plaintiff was denied equal pay for equal work and interest on the back pay in an amount to compensate Plaintiff as the Court deems equitable and just;

c.      All reasonable and necessary costs incurred in pursuit of this suit;

d.      Emotional pain;

e.      Front pay in an amount the Court deems equitable and just to make Plaintiff whole;

f.      Interest;

g.      Mental anguish in the past; and

h.      Loss of benefits.

## EXEMPLARY DAMAGES

18.     Plaintiff would further show that the acts and omissions of Defendant complained of herein were committed with malice or reckless indifference to the protected rights of the Plaintiff.   In order to punish said Defendant for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendant for exemplary damages.

## SPECIFIC RELIEF

19.     Plaintiff seeks the following specific relief which arises out of the actions and/or omissions of Defendant described hereinabove:

a.      Prohibit by injunction the Defendant from engaging in unlawful employment practices;

b.      Rehire Plaintiff; and

5

c.     Reinstate Plaintiff to the position and pay grade which Plaintiff held but for the unlawful employment actions of Defendant.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Gregg E. Goddard, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; exemplary damages, together with interest as allowed by law; costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

Coleman & Riechmann LLP

By: _____
Mitchell S. Riechmann
Texas Bar No. 24077930
11701 Bee Caves Road, Suite 205
Austin, TX   78738
Tel. (512)309-1622
Fax. (512)900-7640
E-Mail: Mitch@AustinAdvocates.com
Attorney for Plaintiff
Gregg E. Goddard

## PLAINTIFF HEREBY DEMANDS TRIAL BY JURY